COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| ABRAHAM BENAVIDES, | | No. 08-07-00193-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 211th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Denton County, Texas |
| | § | |
| Appellee. | | (TC# F2006-1513-C) |
| | § | |
| | § | |

**O P I N I O N**

Appellant was convicted of aggravated assault and sentenced to 2 years confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Appellant raises one issue arguing it was error to not include the lesser-included offense instruction to the jury. We affirm.

On July 4, 2006, Christopher Gallagher saw Appellant blowing dust and debris from his driveway onto the car in Mr. Gallagher's driveway. The next day, Mr. Gallagher complained to him about that and also the fact that Appellant's dog had been barking the past couple of nights. The men had a verbal argument where both used profane language. Mr. Gallagher testified he later saw Appellant go to his car, and next saw him carrying a gun and pointing it at him. Mr. Gallagher put his hands up and backed off until he ended up by a tree. Mr. Gallagher saw Appellant was going to shoot, so he turned and ducked before Appellant fired the gun.

Appellant testified that Mr. Gallagher was beating on his door, and they started arguing

about the car and the dogs barking. Later, Appellant went outside to get his cell phone from the car, and Mr. Gallagher was still yelling at him. Appellant testified that Mr. Gallagher tried to get into his car through the passenger door, but it was locked. Mr. Gallagher started coming around the car and reached in and grabbed Appellant's arm. Appellant stated he then pulled the gun from underneath the cup holder and pointed it at Mr. Gallagher to get him to let him go. He stated Mr. Gallagher began backing up but was still acting like he was going to hit him. Appellant would point the gun at him whenever he seemed like he was going to try and hit him. Appellant stated that when Mr. Gallagher started going inside, he pulled the clip out, and fired the gun into the tree to disengage it. At trial, counsel for Appellant requested the inclusion of a lesser-included offense instruction for deadly conduct, which was denied by the trial court.

In his sole issue, Appellant contends the trial court committed reversible error by denying his request for a jury instruction on the lesser-included offense of deadly conduct. A defendant is entitled to the charge if (1) the offense is a lesser-included offense of the charged offense, which is determined by comparing the elements of the greater offense, as pled in the indictment, with the elements in the lesser offense, and (2) if there is some evidence in the record from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser included offense. *Segundo v. State*, 270 S.W.3d 79, 90-1 (Tex.Crim.App. 2008). The evidence must establish the lesser-included offense as a valid rational alternative to the charged offense. *Id*. at 91.

The State concedes in their brief that the greater offense of aggravated assault, as pled in this case, contains the lesser-included offense of deadly conduct. We agree. *See Bell v. State*, 693 S.W.2d 434, 439 (Tex.Crim.App. 1985)(finding reckless conduct, which is identical to the

current deadly conduct statute, to be a lesser-included offense of aggravated assault with an indictment similar to the one in this case). The second step in the analysis requires us to look at whether there is some evidence in the record from which would allow a rational jury to only convict on the lesser offense. Mr. Benavides' testimony shows he intentionally pointed the gun at Mr. Gallagher. Mr. Benavides stated, "I grabbed my gun and I pointed it at him." He pointed the gun at him so that Mr. Gallagher would let him go and leave him alone. Mr. Benavides did not keep the gun pointed at Mr. Gallagher, but when he was acting like he was going to hit him, Mr. Benavides would point the gun back at him. He pointed the gun at him to scare him away. This testimony would prevent a rational jury from being able to convict on only the lesser-included offense. The testimony shows that the pointing of the gun was intentionally and knowingly done. Since there was no evidence to the contrary, a rational jury would not be able to find that Appellant acted recklessly and not intentionally. Appellant argues that the State focused on the firing of the weapon, but the indictment and charge provided that for the use or exhibiting of the gun. We find the trial court properly denied the inclusion of the lesser-included offense instruction. Issue One is overruled.

The trial court certified that Appellant had a right to appeal but the certification does not contain the defendant's signature indicating that he was informed of his rights to appeal and file a *pro se* petition for discretionary review. The certification is defective and it has not been corrected by the trial court or Appellant's attorney. In order to remedy this defect, we ORDER Appellant's attorney, pursuant to TEX.R.APP.P. 48.4, to send Appellant a copy of our opinion and judgment, notify Appellant of his right to file a *pro se* petition for discretionary review, and inform Appellant of the pertinent deadlines. *See* TEX.R.APP.P. 48.4, 68. Appellant's attorney is

further ORDERED to comply with all of the requirements of Rule 48.4.

We affirm Appellant's conviction.


September 23, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J. (Not Participating)

(Do Not Publish)